IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERYL SLAGTER, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 19-277 |
| | ) | |
| ANDREW M. SAUL, | ) | |
| ACTING COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Meryl Slagter, Jr. ("Slagter") applied for a period of disability, disability insurance benefits and supplemental security income, alleging a disability onset of February 12, 1982. The claims were denied and Slagter, represented by an attorney, appeared and testified at a hearing, as did a vocational expert ("VE"). (R. 12) Following the hearing, the ALJ denied Slagter's claims.  He appealed. Before the Court are the parties' cross-motions. *See* ECF Docket Nos. 15 and 18. For the reasons below, the ALJ's decision is affirmed.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is

1

based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. _Burns v. Barnhart_, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." _Ventura v. Shalala,_ 55 F.3d 900, 901 (3d Cir. 1995), _quoting Richardson v. Perales,_ 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." _Gilliland v. Heckler,_ 786 F.2d 178, 183 (3d Cir. 1986) (_citing Kent v. Schweiker,_ 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." _Id._  The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); _Dobrowolsky v. Califano,_ 606 F.2d 403, 406 (3d Cir. 1979); _Richardson_, 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a _de novo_ review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. _Palmer v. Apfel,_ 995 F. Supp. 549, 552 (E.D. Pa. 1998); _S.E.C. v. Chenery Corp._, 332 U.S. 194, 196-7, 67 S. Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert

opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue,* 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. The ALJ's Decision

At step one, the ALJ determined that Slagter has not engaged in substantial gainful activity since the alleged onset date. (R. 14) The ALJ also determined, at step two, that Slagter suffers from a severe impairment consisting of an intellectual developmental disorder. (R. 14-15) That impairment, however, does not meet or equal one of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 and considered at step three. (R. 15-17) The ALJ next concluded that Slagter had the RFC to perform a full range of work with certain limitations. (R. 17-19) The ALJ also found that Wolfe has no past work. (R. 19) Nevertheless, considering his age, education, work experience, and RFC, the ALJ concluded that there are jobs that exist in significant numbers in the national economy which Slagter could perform. (R. 20) Accordingly, the ALJ denied benefits.

## III. Discussion[1]

---

[1] I note that Slagter directs this Court's attention to a 2018 neuropsychological report that was not before the ALJ. (ECF , p. 31-39). It is well established that "evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001). Where the claimant proffers evidence in the district court that was not made available to the ALJ, the district court may remand pursuant to Sentence Six of section 405(g). However, that evidence must be new and material and there must be "good cause" for not having incorporated the new evidence into the administrative record. *Szubak v. Sec'y of HHS*, 745 F.2d 831, 833 (3d Cir. 1984). Here, Slagter does not invoke Sentence Six, much less present any argument as to why the 2018 report is "new" or why "good cause" exists for not having incorporated the evidence into the administrative record. Indeed, it appears that the ALJ was willing to leave the record open for the results of a pending neuropsychological exam, but counsel for Slagter declined. (R. 46-48) Consequently, remand pursuant to Sentence Six is inappropriate and the 2018 report cannot be considered.

At step three of the analysis, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1. *Jesurum v. Sec'y. of Health & Human Servs*., 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Comm'r. of Soc. Sec*., 220 F.3d 112, 119 (3d Cir. 2000). "Because the Listings define impairments that would prevent a claimant from performing any gainful activity – not just substantial gainful activity – the medical criteria contained in the Listings are set at a higher level than the statutory standard for a disability." *Rhome v. Comm'r. of Soc. Sec*., Civ. No. 18-1532, 2020 WL 1532332, at 1, n. 1 (W.D. Pa. Mar. 31, 2020), *citing, Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).

Here, Slagter urges that he meets the requirements of Listing 12.05 and that the ALJ erroneously discounted medical evidence of record establishing the same. Listing 12.05B has three requirements. A claimant must have: (1) a significantly subaverage general intellectual functioning; (2) significant deficits in adaptive functioning; and (3) evidence that the disorder began prior to attaining the age of 22. "Significant deficits in adaptive functioning" must be manifested by an extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: (a) understand, remember, or apply information; (b) interact with others; (c) concentrate, persist, or maintain pace; or (d) adapt or manage oneself.

The ALJ considered each of these criteria and determined that, because Slagter's mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, the criteria set forth in 12.05B were not satisfied. After careful

review, I find that the ALJ's conclusions are supported by substantial evidence of

record. Specifically, as to the ALJ's conclusion that Slagter has only "moderate"

limitations with respect to understanding, remembering, or applying information, the

ALJ's findings are supported, in part, by Slagter's completion of high school; his ability

to take standardized tests, complete social security forms and obtain a driver's license;

Dr. Vigna's findings; and Slagter's completion of vocational school and certification in

removal of lead-based materials. (R. 16, 127-128, 300) I agree with the ALJ that "[t]hese

activities are all indicative of an ability to understand and apply information." (R. 16)

With respect to interacting with others, the ALJ acknowledged reports that friends take

advantage of him but pointed to Slagter's comments that he socializes with friends a

couple of days a week. (R. 16) The ALJ also found persuasive Slagter's representations

that he had no problems getting along with others and that he spent time with others on

a daily basis going out to eat or to a bar. Nevertheless, the ALJ observed that, based

upon his sister's observations, "there is some disconnect between the claimant's

perception of his interaction with others and his families.[']" (R. 16) Accordingly, he

found "moderate" limitations with respect to his ability to interact with others. (R. 16)

Again, his findings in this regard are supported by substantial evidence of record,

including Dr. Vigna's report, Dr. Csop's observations, and Slagter's own testimony. (R.

52, 59, 62-63,125, 128, 316, 319, 369) As to concentrating, persisting, or maintaining

pace, again the ALJ's finding that Slagter has a moderate limitation is supported by

substantial evidence of record, including: Dr. Vigna's opinion; a medical report indicating

that Slagter exhibited no problems of attention, concentration or distractibility; Slagter's

detailed work on cars; and his ability to drive. (R. 16-17, 58, 85, 100, 125, 369)

Similarly, the ALJ's conclusion that Slagter has only moderate limitations regarding his skills in adapting and managing oneself, are supported by substantial evidence of record. Slagter himself testified that he cared for himself and his pet, performed household chores, drove, and worked on cars. (R. 16) Dr. Vigna also found only a moderate limitation in this area. (R. 128)  Though Slagter urges that the ALJ improperly discounted his siblings' testimony, I note that the ALJ remains the fact finder. The question is not whether this Court would weigh testimony differently but whether substantial evidence supports the ALJ's findings. I find that it does.[2]

Slagter also objects to the ALJ's findings regarding RFC. He contends that the RFC should have contained limitations related to his age and his back pain. Yet he failed to present any argument in this nature at the administrative level. Nor does the record contain any evidence of a medically demonstrable impairment causing back pain. Consequently,  his argument is not convincing. Further, to the extent that he premises his argument upon his intellectual impairments, he does nothing more than reference his argument set forth above. I find that the ALJ's RFC analysis is supported by substantial evidence of record, namely, Dr. Vigna's findings, Dr. Csop's observations, his siblings' statements, and Slagter's own testimony. Further, the ALJ considered the VE's testimony. The VE identified several jobs that an individual of Slagter's age and education, with no past work history, and with the limitations set forth in his RFC, would be able to perform, including a dishwasher, laundry aide, or bagger. (R. 106) The ALJ relied upon this testimony in finding, at Step 5, that Slagter could

---

[2] Slagter also takes issue with the ALJ's assessment of the SIB-R report prepared by Ms. Bartnik. First, it is unclear whether Ms. Bartnik is an acceptable medical source. As the Commissioner indicates, Ms. Bartnik is identified only as a 'supports coordinator.' Further, the regulations indicate that the results of tests of adaptive functioning are not dispositive. See 20 C.F.R. Part 404, Subpt. P, appx. 1, section 12.00H.

perform work existing in substantial numbers in the national economy and thus was not entitled to benefits.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MERYL SLAGTER, JR.                )
        Plaintiff,              )
                         )
    -vs-                           )        Civil Action No. 19-277
                         )
ANDREW M. SAUL,                   )
COMMISSIONER OF SOCIAL            )
SECURITY,                        )
                         )
        Defendant.              )

AMBROSE, Senior District Judge.


## ORDER OF COURT

        Therefore, this 6th day of November, 2020, it is hereby ORDERED that the

Plaintiff's Motion for Summary Judgment (Docket No. 15) is DENIED and the

Defendant's Motion for Summary Judgment (Docket No. 18) is GRANTED. It is further

ORDERED that the case is to be marked "Closed" forthwith.

                                      BY THE COURT:

                                _____

                                Donetta W. Ambrose
                                United States Senior District Judge